[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#103)
This is an action in which counts one and two of the original complaint were brought under General Statutes Section30-102, the dram shop act. Defendants Mary Reed and Jack C. Nelson moved to dismiss such counts. Subsequent to such motion the complaint was amended so that under the amended complaint damages are sought pursuant to Section 30-102 under the first count only. The motion therefore is applicable to the first count only.
The motion to dismiss is based upon a claim that the actions under Section 30-102 was not brought within the time limited by the statute for such claims and that therefore the court lacks subject matter jurisdiction.
The first count alleges that the sales of alcohol to defendant James M. Lowery occurred on July 29 and 30, 1989 with an assault on plaintiff's decedent on July 30, 1989. The complaint is dated July 2, 1991 returnable on July 23, 1991. The sheriff's return indicates that service of process was made on defendants Reed and Nelson on July 10 and 11, 1991 Section30-102 provides that "(n)o action under the provisions of the section shall be brought but within one year from the date of the act or omission complained of." From the complaint here, it must be concluded that this action was not brought within one year of defendant's acts which form the basis of the claim.
In enacting the dram shop act the legislature created an action unknown to the common law. The obvious purpose of the legislation is to impose a penalty in the form of civil CT Page 7755 liability in addition to other legal penalties and to protect the public. Pierce v. Albanesi, 144 Conn. 241, 249-250 (1957).
Where a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, the remedy exists only during the prescribed period and not thereafter. In this situation the statute of limitations is considered substantive or jurisdictional rather than procedural or personal and therefore cannot be waived. Moore v. McNamara, 201 Conn. 16, 22-23 (1986).
The reasoning of Ecker v. West Hartford,. 205 Conn. 219
(1987) is directly applicable to this case. The time limitation imposed by Section 30-102 is jurisdictional. Since the action was not brought within the time limited by the statute, the court has no jurisdiction over the subject matter of the first count.
Plaintiff's argument based upon Moore is not sound. The dissenting opinions in Quinnett v. Newman, 213 Conn. 343
(1990) while directly on point do not change settled law.
Accordingly, the motion is granted and the first count is dismissed.
Purtill, J.